## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CHRISTOPHER JAMES HEMWALL,

                           Petitioner,                   Case No. 2:24-cv-12750

                                                Hon. Brandy R. McMillion

v.                                       United States District Judge

ADAM DOUGLAS,

                           Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 10) AND GRANTING CERTIFICATE OF APPEALABILITY

Petitioner Christopher James Hemwall ("Hemwall"), a Michigan state prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition challenges Hemwall's Monroe Circuit Court conviction for three counts of first-degree criminal sexual conduct and three counts of second-degree criminal sexual conduct. MICH. COMP. LAWS §§ 750.520b(1)(a), c(1)(a). Because the petition was filed after expiration of the one-year statute of limitations, and Hemwall fails to demonstrate entitlement to equitable tolling, the Motion to Dismiss is **GRANTED**.

**I.**

Hemwall faced criminal charges in Monroe County, Michigan, for sexually assaulting his twin half-sisters when they were between the ages of four and six years old. *See* ECF No. 1, PageID.7.  On November 30, 2018, Hemwall was convicted of the above-described offenses after a jury trial. *Id.*  The trial court sentenced Hemwall to concurrent terms of 210-480 months in prison for the first-degree criminal sexual conduct convictions and lesser terms for his other offenses.  ECF No. 11-13, PageID.1010-11.

Hemwall filed an appeal of right in the Michigan Court of Appeals. On September 10, 2020, the Michigan Court of Appeals affirmed his conviction. *People v. Hemwall*, No. 347828, 2020 WL 5498600, at *5 (Mich. Ct. App. Sept. 10, 2020); ECF No. 11-20, PageID.1364.  The Michigan Supreme Court denied leave to appeal on March 30, 2021.  *People v. Hemwall*, 956 N.W.2d 218 (Mich. 2021) (Table); ECF No. 11019, PageID.1293.  Hemwall's conviction became final 150 days later, on August 27, 2021, when the time for filing a petition for certiorari in the U.S. Supreme Court expired.[1]

---

[1] The deadline was extended from 90 days to 150 days during this period.  *See* Rules of the Supreme Court of the United States - Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19], 334 F.R.D. 801 (2020).  The extension was rescinded on July 19, 2021, after the Michigan Supreme Court denied leave to appeal in Hemwall's case.  *See* Miscellaneous Order Rescinding COVID-19 Orders, 338 F.R.D. 801 (2021).

About five months after his conviction became final, on February 11, 2022, and through present retained counsel, Hemwall filed a motion for relief from judgment in the trial court. ECF No. 11-14. The trial court denied the motion on November 16, 2022. ECF No. 11-22, PageID.1692-1701. Hemwall appealed this decision through the Michigan appellate courts. On August 11, 2023, the Michigan Court of Appeals denied relief. *People v. Hemwall*, No. 365662, Order at 1 (Mich. Ct. App. Aug. 11, 2023); ECF No. 11-22, PageID.1648. On January 4, 2024, the Michigan Supreme Court denied leave to appeal. *People v. Hemwall*, 998 N.W.2d 701 (Mich. 2024) (Table); ECF No. 11-21, PageID.1549.

Hemwall filed his federal habeas petition through present counsel over ten months after he completed state post-conviction review, on October 17, 2024. ECF No. 1, PageID.52. Respondent filed a motion to dismiss Hemwall's federal petition on the grounds that it was filed after expiration of the one-year statute of limitations. ECF No. 10. Hemwall sought and received permission to file a response under seal, informing the Court that his response would include private medical details regarding Hemwall's counsel and a family member. ECF No. 12. Hemwall later filed a response to the motion to dismiss (not under seal), asserting that while the petition was untimely filed, he is entitled to equitable tolling for a variety of exceptional circumstances, including his counsel's and a family member's illnesses for a period of several months in 2024. ECF No. 14. Respondent filed a reply brief.

ECF No. 15.  As the motion has been adequately briefed, and petitioner is in custody, the Court will rule without hearing.  *See* E.D. Mich. LR 7.1(f)(1).

## II.

### A.   STATUTE OF LIMITATIONS

There is a one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.  28 U.S.C. § 2244(d).  The limitations period begins running from one of four possible starting points.  § 2244(d)(1)(A)-(D).  The most common starting point is the date the petitioner's conviction became final on direct review.  § 2244(d)(1)(A).  Here, neither party asserts that a different starting point applies.

The Michigan Supreme Court denied Hemwall's application for leave to appeal on direct review on March 30, 2021.  His conviction became final for statute of limitations purposes when the time for filing a petition for a writ of certiorari in the U.S. Supreme Court expired 150 days later, on August 27, 2021, under the Supreme Court's extended deadline.  *See* 334 F.R.D. 801 (2020); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

The limitations period started running the next day, on August 28, 2021 (Day 1).  *See* Fed. R. Civ. P. 6(a)(1).  It continued to run from August 28, 2021, until February 10, 2022 (Day 167).  The statute of limitation stopped on February 11, 2022, because on that date Hemwall filed his motion for relief from judgment in the

trial court. Under section 2244(d)(2), the limitations period is statutorily tolled while "a properly filed application for State collateral or other collateral review with respect to the pertinent judgment or claim is pending. . . ." *See Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). When Hemwall filed his state post-conviction motion he still had 198 days remaining on the limitations period (365 days minus the 167 days that had already elapsed).[2]

Hemwall's state collateral review proceeding ended on January 4, 2024, when the Michigan Supreme Court denied his application for leave to appeal. With 167 days having already run on the limitations period, the clock resumed the next day, on January 5, 2024 (Day 168). *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007). Day 365 fell on Saturday, July 20, 2024. Because it was a Saturday, Hemwall had until Monday, July 22, 2024, to timely file his petition. *See* Fed. R. Civ. P. 6(a)(3).

Hemwall, through counsel, filed his habeas petition on October 17, 2024, nearly three months after the limitation period had already expired.

---

[2] Tolling under section 2244(d)(2) stops but does not reset the limitations period. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Thus, a determination of the total time that ran on the limitations period requires the Court to add together two periods – the one before and the one after Hemwall's state post-conviction review proceeding was pending.

**B.     DELAY IN FILING**

Hemwall does not contest Respondent's calculations under the statute that the petition was untimely filed.[3]  ECF No. 14, PageID.1910.  Instead, Hemwall claims that he is entitled to equitable tolling of the limitations period.  Hemwall points to several events which he claims were extraordinary and beyond his control that prevented him from timely filing the petition.

Specifically, Hemwall notes that he retained counsel in August 2021 to pursue post-conviction relief.   He asserts that the COVID-19 pandemic created impediments during that period that hampered his ability to communicate and work with his attorney, and that this prevented him from filing his state post-conviction proceeding "in a quicker, more timely fashion, which in turn, ate up time on the speedy trial (sic) clock." *Id.* PageID.1916-1917.  Hemwall further explains that due to some personal medical concerns relating to those associated with counsel's firm, COVID necessitated precautions that further hampered counsel's ability to collaborate with him during the pandemic.  *Id.*

After he was denied state-postconviction relief in the Michigan Supreme Court, Hemwall asserts that he "and counsel promptly began preparing his federal

---

[3] Respondent's calculations differ from the Court's in that they do not account for the U.S. Supreme Court rule extending the deadline for petitions for certiorari from 90 days to 150 days during the pandemic.  Respondent asserts (and Hemwall apparently acquiesces) that the limitations period expired on May 22, 2024.  ECF No. 10, PageID.177-78.   Under either calculation, Hemwall's habeas petition was untimely.

habeas petition." *Id.* PageID.1911. However, counsel encountered medical issues which resulted in "counsel's work functions and capacity [to be] significantly effected (sic) during this critical period for preparing Mr. Hemwall's petition." *Id.* PageID.1913. To make matters worse, counsel also experienced a family medical emergency which "required [counsel] to attend numerous specialized medical appointments while simultaneously attempting to manage his professional obligations." *Id.* PageID.1914. Hemwall asserts that "[t]hese situations lasted roughly five months." *Id.* PageID.1916.

Finally, Hemwall states that he was denied access to the prison law library, (though he doesn't specify the period of denied access), and this hampered his ability to assist in the preparation of his habeas petition. *Id.* PageID.1911. He concludes, "[o]nce counsel recovered from his medical issues and their aftereffects, and Mr. Hemwall regained access to his legal materials, they worked diligently to finalize and file the petition on October 17, 2024." *Id.*

Hemwall was granted permission to file documentation supporting these claims under seal.[4] ECF No 12. However, he did not request an evidentiary hearing to support his allegations. *Cf. Nassiri v. Mackie*, 967 F. 3d 544, 548 (6th Cir. 2020) (case remanded for hearing where there were "lingering questions of fact in confronting an equitable tolling argument"); *see also Schriro v. Landrigan*, 550 U.S.

---

[4] The Court has reviewed this sealed filing and references it more generally herein.

465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Based on a review of the record, the Court does not believe an evidentiary hearing is necessary to address this Motion.

## C.   EQUITABLE TOLLING

Section 2244(d)'s statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner must show a causal link between the extraordinary circumstance and the untimely filing. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 750 (6th Cir. 2011) ("[A] habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing."); *see also Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).

The burden is on the habeas petitioner to show that he is entitled to equitable tolling. *Pace*, 544 U.S. at 418. The doctrine of equitable tolling is used sparingly. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Nevertheless, equitable tolling is a matter of equity and, though "courts of equity 'must be

governed by rules and precedents. . . ," *Holland*, 560 U.S. at 649 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996)), the "exercise of a court's equity power . . . must be made on a case-by-case basis." *Id*. at 649-50 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964)).

Hemwall's response to the motion to dismiss raises three grounds for equitable tolling: (1) the initial difficulties faced in filing his state post-conviction motion during the COVID-19 pandemic, (2) counsel's medical issues and a family medical emergency after the completion of state post-conviction review, and (3) Hemwall's lack of prison library access after state post-conviction review.

### 1.

First, Hemwall points to the COVID-19 pandemic as causing a delay in the filing of his state post-conviction motion, and that this resulted in the limitations period running for longer than it would have before he filed for state post-conviction review. "[T]he COVID-19 pandemic does not automatically warrant equitable tolling for a petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Mason v. Chapman*, No. 4:23-cv-12359, 2024 WL 3825235, at *4 (E.D. Mich. Aug. 13, 2024) (quoting *United States v. West*, 578 F. Supp. 3d 962, 967 (N.D. Ohio 2022).

Hemwall fails to proffer a sufficient, factually specific basis to show that the conditions at his prison during the relevant period prevented him from filing his post-conviction motion. Rather, Hemwall makes vague and general allegations, such as: "Mr. Hemwall faced substantial limitations on his ability to communicate with counsel and access the prison's law library due to prison lockdowns and the considerable distance between Mr. Hemwall and his legal representation." ECF No. 14, PageID.1910. Hemwall also raises the concerns regarding limitations with counsel's firm during the pandemic, but he fails to specify how given the availability of modern electronic communication this circumstance actually caused a delay. The Court notes that Hemwall concedes that he maintained regular communication with his counsel during the state post-conviction process through phone calls and emails. *Id.* PageID.1917.

Nor can Hemwall say whether the worsened conditions caused by the COVID restrictions cost him a week, a month, or several months. He offers no basis for the Court to credit him with any particular period of tolling before he filed for state post-conviction review. It is Hemwall who bears the burden of demonstrating entitlement to equitable tolling. *Robertson*, 624 F.3d at 784. His general appeal to the hardships occasioned by the pandemic simply do not suffice. *See, e.g., Salyers v. Robey*, No. 22-5319, 2022 WL 19575893, at *2 (6th Cir. Aug. 11, 2022) (upholding denial of equitable tolling "based on various medical issues, prison transfers, and the effects

of the COVID-19 pandemic, including prison lockdowns and staff shortages that limited his access to a law library, legal aides, and legal materials," because the petitioner's "arguments do not show that the difficulties he faced were significant enough to prevent him from filing a timely federal petition.").

In any event, the conditions Hemwall faced before he filed his state post-conviction proceeding pertain only to the beginning of the limitations period. "[W]hen the 'extraordinary circumstances' end months before the deadline expires, that is usually not enough to meet the burden.  Why?  Because the prisoner must still show that the circumstances, even after they had abated, kept him from filing." *Mann v. United States*, No. 21-1747, 2023 WL 3479402, at *2 (6th Cir. May 16, 2023) (citing *Holland*, 560 U.S. at 649).  Hemwall fails to meet that burden.

The conditions Hemwall complains about occurred in 2021.  During that same period the U.S. Supreme Court extended the deadline for filing a petition for certiorari, effectively giving Hemwall an additional 60 days before the statute of limitations even started.  By the time he completed state post-conviction review, it was 2024.  It is hard to see how something that happened in 2021 is what prevented him from timely filing his federal petition in 2024 when more than six months remained on the limitations period after completion of state post-conviction review. *See, e.g., Mann*, 2023 WL 3479402, at *3 (Petitioner not entitled to equitable tolling where his belief that the courts were closed for ninety days during COVID did not

account for his remaining nine months of inaction); *Dixon v. Ohio,* 81 F. App'x 851, 853 (6th Cir. 2003) (finding that habeas petitioner's placement in solitary confinement after the limitations period expired did not entitle him to equitable tolling).

Hemwall therefore fails to allege facts showing that the COVID related circumstances occurring in 2021 were an extraordinary circumstance that prevented him from timely filing his habeas petition in 2024.

**2.**

Next, Hemwall points to conditions arising after the completion of state post-conviction review that adversely affected his counsel's ability to timely file his habeas petition.  He asserts that his counsel experienced medical issues in January or February 2024; and then had a family medical emergency that required prolonged attention.

As a general matter, attorney errors do not constitute a basis for equitable tolling.  "A garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 560 U.S. at 651-52 (internal quotations and citations omitted).  To warrant equitable tolling, the conduct or condition involving a petitioner's habeas attorney must still rise to the level of an "extraordinary circumstance." *Id.*, 560 U.S. at 649.  And tolling is available in such situations only

for "serious instances of attorney misconduct."  *Christeson v. Roper*, 574 U.S. 373, 378 (2015) (quoting *Holland*).  Attorney misconduct amounting to complete abandonment may constitute such an extraordinary circumstance.  *See Maples v. Thomas*, 565 U.S. 266, 282 (2012) (citing *Holland*, 560 U.S. at 659 (Alito, J., concurring)).  The Sixth Circuit has recognized that circumstances that affect the capacity of an attorney to timely file a habeas petition may provide grounds for equitable tolling.  *See Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010) (finding that "an attorney's drug use might constitute an extraordinary circumstance that warrants equitable tolling if it causes the attorney to effectively abandon his or her client.").  However, whether something short of "effective abandonment" but more than excusable neglect may count as a sufficient extraordinary circumstance is a question that has been explicitly left open in this Circuit.  *See Nassiri*, 967 F.3d at 549-50.

Hemwall does not assert that his attorney missed the deadline through a missed calculation, negligence, or other garden-variety attorney error.  Nor does he argue that his counsel abandoned him.[5]  Rather, Hemwall's argument appears to be

---

[5] Hemwall states, "the government incorrectly frames Mr. Hemwall's argument as claiming 'abandonment' by counsel.  Mr. Hemwall makes no such claim."  ECF No. 14, PageID.1921.  Indeed, Hemwall asserts that he "and counsel promptly began preparing his federal habeas petition" after the Michigan Supreme Court denied relief of post-conviction review; and that he remained in regular communication with counsel during the state post-conviction process through phone calls and emails.  *Id*. PageID.1911, 1917.  And counsel, did in fact, eventually file a federal petition on Hemwall's behalf.

that without abandoning his client and without acting negligently, the described illnesses prevented counsel from timely filing the petition on his behalf.

The general and unsupported factual allegations made by Hemwall, however, are insufficient to demonstrate entitlement to equitable tolling on that basis. Hemwall's petition was due in July, though it appears he thought it was due in May. He and his counsel "promptly began preparing his federal habeas petition" after the Michigan Supreme Court decision in January. At that point there were over six months remaining on the limitations period. But all that Hemwall asserts is that his counsel was fatigued for several months, that his family member required care for several months, and that the whole situation persisted for "roughly five months."

These vague allegations are woefully insufficient. Hemwall does not assert that his counsel was incapacitated by these conditions from handling any of his professional obligations. He instead vaguely asserts that "counsel's work functions and capacity were *significantly effected* (sic) during this critical period. . . ." ECF No. 14, PageID.1913 (emphasis added).

But Hemwall can make no credible claim that his counsel's and his family member's medical conditions incapacitated him to the extent that he was unable to handle his professional obligations including the filing of the present habeas petition. He cannot do so because a non-exhaustive search of just this Court's records shows

14

that Hemwall's counsel continued to handle various criminal cases[6], that he took on new cases[7], and that he functioned as an attorney from January to July 2024 while the statute of limitations in this case ran down and expired.[8]

As stated, counsel appears to have believed that the deadline for filing the petition was in May. Nevertheless, during the run up to that perceived deadline, counsel continued to file papers and attend hearings in his other cases in this Court. *See Morgan*, No. 4:23-cr-20412 (filed sentencing memorandum in May); *Reed*, No. 4:24-cr-20120 (filed motion in April, and attended hearing in May); *Mills*, No. 2:19-cr-20244 (filed sentencing memorandum and attended sentencing in March, and

---

[6] During this period, counsel was an active member of the Court's criminal defense bar and represented his other clients at numerous hearings in multiple criminal cases. *See, e.g.*, *United States v. Reed*, No. 4:24-cr-20120 (E.D. Mich. Sept. 17, 2024); *United States v. Pack*, No. 5:24-cr-20086 (E.D. Mich. July 6, 2024) (ECF No. 33); *United States v. Howard*, No. 2:24-cr-20151 (E.D. Mich. July 21, 2024) (ECF No. 33); *United States. v. McCallum*, No. 4:21-cr-20088 (E.D. Mich. July 17, 2024) (ECF No. 123); *United States v. Morgan*, No. 4:23-cr-20412 (E.D. Mich. May 8, 2024) (ECF No. 26); *United States v. Dickerson*, No. 2:23-cr-20179 (E.D. Mich. ; *United States v. Davis*, No. 2:24-cr-20138 (E.D. Mich. Aug. 21, 2024) (ECF No. 43); *United States v. Myrie*, No. 2:23-cr-20331 (E.D. Mich. Nov. 19, 2024); *United States v. Sims*, No. 4:22-cr-20662 (E.D. Mich. Sept. 14, 2024) (ECF No. 59); *United States v. Carroll*, No. 4:23-cr-20264 (E.D. Mich. July 18, 2024) (ECF No. 81).

[7] Indeed, counsel accepted *new* appointments and filed his initial appearance in cases during the same period. *See, e.g., United States v. Hanniford*, No. 1:23-cr-20425 (appearance entered 1/10/24); *United States v. Mills*, No. 2:19-cr-20244 (appointment accepted 1/12/24); *Dickerson*, 2:23-cr-20179 (appearance entered 2/2/24); *Pack*, 5:24-cr-20086 (appointment accepted 2/14/24); *United States v. Morgan*, No. 1:22-cr-20114 (appointment accepted 2/23/24); *Reed*, 4:24-cr-20120 (appearance entered 3/8/24); *Howard*, 2:24-cr-20151 (appointment accepted 7/21/24); *United States v. Perez*, 24-cr-20334 (appearance entered 7/21/24); *United States v. Daniel*, No. 2:22-cr-20620 (appointment accepted 8/12/24).

[8] The Court takes judicial notice of its own records. *See Saylor v. United States*, 315 F.3d 664, 667-68 (6th Cir. 2003) (citation omitted); *Gross v. United States*, No. 06-cv-10551, 2006 WL 467909, at *1 n.1 (E.D. Mich. Feb. 27, 2006) ("A district court is permitted to take judicial notice of its own files and records in a habeas proceeding.").

filed notice of appeal in April); *Dickerson*, No. 2:23-cr-20179 (filed brief in May, and attended hearing in June); *Davis*, No. 2:24-cr-20138 (attended hearing in April).

The petition was actually due on July 22, 2024.  And to the extent counsel did not realize that fact, that would be the sort of ordinary miscalculation not warranting tolling.  *Holland*, 560 U.S. at 651-52.  Yet, even during that final week before the expiration of the statute of limitations, counsel accepted a new appointment in *Howard*, filed a motion in *McCallum*, entered a guilty plea in *Myrie*, filed a sentencing memorandum in *Carroll*, and filed an appearance in *Perez*.  On the final day when the petition was due, counsel instead appeared at a detention hearing in *Perez*.  Counsel then continued to apparently prioritize his other cases by continuing to handle his criminal caseload before the habeas petition was finally filed in October.

Stated simply, if counsel's and his family's medical needs did not prevent him from handling these other matters, then Hemwall cannot show that these conditions are what prevented him from timely filing the habeas petition.  To the extent that counsel's criminal docket involved fixed deadlines, other pre-existing and time-sensitive obligations, and other critical matters (ignoring the new appointments and new appearances), so too did the timely filing of Hemwall's habeas petition.

The Court notes that the preparation and filing of the habeas petition in this case would not require months, weeks, or even days of effort.  Because of the

exhaustion requirement, whatever claims Hemwall intended to raise in his habeas petition, they necessarily had already been briefed and presented to the state courts. *See* 28 U.S.C. § 2254(b). And Hemwall's counsel represented him during state post-conviction review. Counsel was therefore already intimately familiar with the case, and he had already fully and adequately briefed Hemwall's claims. While the federal petition that was eventually filed reframes some of the claims, it largely consists of a reformatted version of the various state court pleadings. Hemwall offers no reason why, at a minimum, an adequate bare-bones, placeholder, or "protective" petition could not have been prepared and timely filed. *See Pace*, 544 U.S. at 416.

Certainly, there are cases where a medical emergency completely incapacitates an attorney from handling their professional obligations. *See, e.g., Bell v. Bergh*, No. 2:11-cv-10328, 2012 WL 680391, at *3-*4 (E.D. Mich. Mar. 1, 2012) (affidavits and medical records supported Petitioner's claim for equitable tolling where sole practitioner's closed head injury and neurological problems resulted in convulsions, seizures, loss of memory, and hospitalizations that prevented him from timely filing habeas petition). However, that is not the case here. Hemwall's vague and unsupported assertions pale in comparison to the evidentiary proffer in *Bell*.

In the Court's view, what Hemwall's allegations amount to is an argument seeking excusable neglect – that the combination of his counsel dealing with medical issues and maintaining his professional obligations as best he could at the same time

17

*excuse* Hemwall's failure to timely file the petition.  But the circumstances, as alleged, do not show that Hemwall was *prevented* from timely filing his petition. This is so because counsel was still able to function as an attorney in the cases he chose to prioritize.  *See, e.g., Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (fact that federal habeas counsel was overburdened by a busy docket did not warrant equitable tolling).

The Court therefore finds that Hemwall fails to assert sufficient facts indicating that the circumstances related to his counsel prevented him from complying with the statute of limitations.  And therefore, Hemwall is not entitled to equitable tolling on this basis.

### 3.

Finally, Hemwall asserts that he was denied access to the prison law library for an unknown period following state post-conviction review, and this hampered his ability to assist in the preparation of his federal petition.

Again, the allegation is unsupported by specifics.  Hemwall does not supply a specific period between January and October 2024 when he was unable to access the prison library.  Nor does he assert why it was necessary for him to have access to the library in order to timely file his petition when he had retained counsel to file the petition for him.  While equitable tolling may apply when a petitioner has received ineffective assistance of counsel, *see Mezo v. Holder*, 615 F.3d 616, 620

(6th Cir. 2010), none of Hemwell's allegations for tolling rise to the standard necessary for such a finding based on the aforementioned facts.

Accordingly, Hemwall fails to establish that any of the three alleged extraordinary circumstances are what prevented him from timely filing his habeas petition. Based on the scant allegations made, and based on an examination of the Court's records, it appears Hemwall, through counsel, had the ability and opportunity to file the habeas petition despite these circumstances.

**4.**

Turing to the second element for equitable tolling and setting aside whether Hemwall acted with diligence while the above-described circumstances persisted, Hemwall must also demonstrate that he acted with reasonable diligence *after* the above-described circumstances ended.

The availability of equitable tolling is dependent on the petitioner acting diligently. *Pace*, 544 U.S. at 418-19. The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653. The diligence requirement "covers those affairs within the litigant's control." *Menominee Indian Tribe of Wisconsin v. U.S.*, 577 U.S. 250, 257 (2016). Diligence must be assessed in light of the particular circumstances faced by the petitioner. *Ata*, 662 F.3d at 742. The petitioner bears the burden of establishing that he acted with diligence. *Pace*, 544 U.S. at 418.

If the petitioner fails to act diligently after the extraordinary circumstance ends and within the time remaining on the limitations period, equitable tolling is unavailable. *See, e.g., Pace*, 544 U.S. at 418-19 (no diligence where habeas petitioner waited five months before seeking relief in federal court after his state habeas proceedings became final); *Cf. Holland*, 560 U.S. at 653.

The Court in *Pace* also indicated that diligence may require the filing of a protective petition. *Pace*, 544 U.S. at 416 ("A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted."); *see also Palacios v. Stephens*, 723 F.3d 600, 607-08 (5th Cir. 2013) (petitioner did not act diligently when he failed to file a protective federal petition in the two weeks that remained on the limitations period after he fired his attorney).

With respect to diligence after state post-conviction proceedings were complete, Hemwall asserts

> [w]hen counsel's ability to work was compromised by illness and family emergency, Mr. Hemwall continued to pursue his rights by sending legal research and case materials to counsel and requesting status updates. . . .
> Upon learning of potential deadline concerns, Mr. Hemwall took immediate action by requesting expedited preparation and filing of his federal habeas petition. . . .
> The five-month delay in filing the petition was not the result of neglect or abandonment but directly resulted from extraordinary circumstances beyond Mr. Hemwall's control.

ECF No. 14, PageID.1918-19.

In other words, Hemwall states that he was aware of his counsel's circumstances, he continued to communicate with his counsel and sought an expedited process, but that counsel's unfortunate circumstances simply caused him to miss the deadline. This response fails to assert facts demonstrating that Hemwall acted with reasonable diligence after the extraordinary circumstances ended. It fails to account for glaringly obvious measures within Hemwall's control that any reasonably diligent person might have taken. In particular, Hemwall fails to indicate why neither he nor his counsel, despite the exercise of reasonable diligence, were unable to quickly file a form or bare-bones petition after the "roughly five month" period of extraordinary circumstances ended.

The petitioner in *Holland* filed a pro se petition the same day he learned that his counsel failed to file on time. Hemwall believed his petition was late as of May 2024, but nevertheless another five months passed before counsel filed the present petition. Diligence simply required more. *See Lookingbill*, 293 F.3d at 264 (habeas petitioner was "quite aware of the limitations period and could have filed a pro se skeletal petition" while waiting for a ruling on his motion for the appointment of federal habeas counsel); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the

statutory period. . . .").  Hemwall does not make any specific allegations explaining why—despite the exercise of diligence—it took until mid-October to file his habeas petition.  In the Court's view, it was a task that could have been accomplished with a few hours' effort.

The Court therefore finds that Hemwall fails to assert facts sufficient to establish either element for equitable tolling.

## III.

For the reasons stated, the Court finds that the petition was filed after expiration of the one-year statute of limitations, and that Hemwall has not demonstrated entitlement to equitable tolling.

In light of the unsettled standard for determining whether conditions related to a petitioner's habeas counsel may constitute grounds for equitable tolling as noted in *Nassiri v. Mackie*, 967 F.3d 544, 549-50 (6th Cir. 2020), reasonable jurists could debate the Court's conclusion.  The Court will therefore grant Hemwall a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**IV.**

Accordingly, the Court **GRANTS** Respondent's motion to dismiss (ECF No.

10), **DISMISSES** the petition for a writ of habeas corpus (ECF No. 1), and

**GRANTS** a certificate of appealability.


      **IT IS SO ORDERED.**

Dated: June 16, 2025                 s/Brandy R. McMillion
      Detroit, Michigan              BRANDY R. MCMILLION
                                  United States District Judge